UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MTS LAWN & LANDSCAPING
SERVICES, INC.,

    Plaintiff,

v.                                           Case No. 1:09-CV-1094

JOHN E. POTTER, POSTMASTER      HON. GORDON J. QUIST
GENERAL,

    Defendant.
_____/

## **OPINION**

Plaintiff, MTS Lawn & Landscaping Services, Inc. ("MTS"), filed a complaint in the Ingham County Circuit Court naming the East Lansing Postal Service and East Lansing Postmaster Cynthia G. Erickson as Defendants. In its complaint, MTS asserts claims of open account, quantum meruit, breach of implied contract, unjust enrichment, and breach of contract, all of which seek payment for snow removal services that MTS performed for the East Lansing Post Office pursuant to Commercial Snow Removal Agreements for the years 2006 through 2009. Defendant (properly John E. Potter, Postmaster of the United States Postal Service), removed the case to this Court pursuant to 28 U.S.C. § 1442(a)(1) on the basis that it is a civil action commenced in state court against an agency of the United States.[1]

Defendant has moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 12(b)(2). Defendant asserts that MTS' claims must be dismissed because they are contractual in nature and therefore subject to the Contract Disputes Act (CDA), 41 U.S.C. §§ 601, *et seq*.

---

[1] The Court notes that the notice of removal erroneously cited 28 U.S.C. § 1444 as the basis for removal.

Defendant further asserts that 28 U.S.C. § 1346(a)(2) expressly divests federal district courts of jurisdiction over contract claims against the United States. Alternatively, Defendant argues that MTS' complaint is subject to dismissal because MTS failed to properly serve it upon the United States and the Postal Service.

For the reasons set forth below, the Court concludes that it lacks subject matter jurisdiction over MTS' complaint and that dismissal is proper.

The CDA "applies to any express or implied contract . . . entered into by an executive agency for– . . . (2) the procurement of services." 41 U.S.C. § 602(a)(2). The United States Postal Service is an agency of the United States for purposes of the CDA. *Goodin v. United States Postal Inspection Serv.*, 444 F.3d 998, 1000 (8th Cir. 2006). The CDA requires a "contractor," defined as "a party to a Government contract other than the Government," 41 U.S.C. § 601(4), to submit "[a]ll claims . . . against the government relating to a contract . . . in writing . . . to the contracting officer for a decision." 41 U.S.C. § 605(a). A contractor may appeal an adverse decision of the contracting officer either to the agency's board of appeals or to the Court of Federal Claims. 41 U.S.C. §§ 606, 609. *See also Campanella v. Commerce Exchange Bank*, 137 F.3d 885, 890 (6th Cir. 1998). "The CDA bars district court jurisdiction if the court determines that a plaintiff's claims against a government agency are 'essentially contractual' in nature." *B&B Trucking, Inc. v. United States Postal Serv.*, 406 F.3d 766, 768 (6th Cir. 2005) (citing *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1136 (6th Cir. 1996)).

MTS does not dispute that its claims are contractual in nature. In fact, MTS concedes, as it must, that its claims arise out of contractual agreements for snow removal services. Furthermore, MTS does not dispute that claims such as those it asserts in this case are ordinarily subject to the CDA. MTS notes, however, that the parties' contract contains a forum selection clause that

provides: "In the event of a dispute the parties hereby agree to the exclusive jurisdiction and venue of Ingham County." MTS argues that the forum selection clause is enforceable against Defendant, and by agreeing to that provision, Defendant waived the provisions of the CDA. MTS asserts that such waiver is valid because "[n]othing in the CDA provisions bars an executive agency nor parties contracting with such executive agency from waiving the CDA provisions and its statutory system." (Pl.'s Resp. at 7.)

MTS' reliance on the forum selection clause would be persuasive if it were suing a private party. But its suit is against an agency of the United States, and principles of sovereign immunity thus come into play. "The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S. Ct. 767, 769 (1941). Immunity extends to agencies of the United States as well, absent a waiver of immunity. *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993). "Congress must expressly waive the Nation's sovereign immunity, or federal courts cannot exercise jurisdiction over claims brought against the United States." *Ctr. for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 819 (6th Cir. 2007). A waiver of sovereign immunity must be express and unequivocal and will not be implied. *Lane v. Pena*, 518 U.S. 187, 192, 116 S. Ct. 2092, 2096 (1996). In addition, waivers of sovereign immunity are "strictly construed, in terms of [their] scope, in favor of the sovereign." *Id.* (citation omitted). Moreover, "[i]t has long been settled that officers of the United states possess no power through their actions to waive an immunity of the United States or to confer jurisdiction on a court in the absence of some express provision by Congress." *United States v. New York Rayon Importing Co.*, 329 U.S. 654, 661, 67 S. Ct. 601, 604 (1947). Finally, because a federal court cannot exercise jurisdiction over a claim against the United States absent a waiver of immunity, the party asserting jurisdiction bears the burden of showing a waiver. *See Whittle*, 7 F.3d at 1262.

MTS has failed to show that Congress has waived sovereign immunity for the Postal Service beyond that set forth in the CDA, *see Diversified Energy, Inc. v. TVA*, 339 F.3d 437, 444 (6th Cir. 2003) (noting that the CDA is a conditional waiver of immunity for agencies that contract with others for services or property), such that jurisdiction is proper in this Court or the state court. The contractual forum selection clause in the Commercial Snow Removal Agreements, signed by Michael B. Medlock and Cynthia Andrews, cannot establish a waiver because, as noted above, officers of the United States lack the authority to confer jurisdiction on a court absent express authority from Congress. Because the signers of the Commercial Snow Removal Agreements had no authority to confer jurisdiction on the Ingham County Circuit Court, MTS' claims are subject to the provisions of the CDA. Therefore, this Court lacks subject matter jurisdiction and must dismiss the complaint.[2]

An Order consistent with this Opinion will issue.


Dated: May 13, 2010                         /s/ Gordon J. Quist
                                                              GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE

---

[2] For the same reasons, MTS' request that the Court remand the case to state court is without merit.